THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No.   13-cv-00656-CMA-KMT

THE JUDGE GROUP, INC., a Pennsylvania Corporation, and
JUDGE TECHNICAL SERVICES, INC., d/b/a Judge Technical Staffing, a Delaware
Corporation,

        Plaintiffs,

v.

EDWARD BROXSON, an individual,
BRAXSTAFF TECHNICAL SERVICES, LLC, a Colorado Limited Liability Company

        Defendants.

---

## STIPULATED PROTECTIVE ORDER

---

Plaintiffs The Judge Group, Inc. and Judge Technical Services, Inc., d/b/a Judge Technical Staffing (collectively referred to as "Judge") and Defendants Edward Broxson ("Broxson") and Braxstaff Technical Services, LLC ("Braxstaff"), stipulate to and move for the entry of a Protective Order governing the treatment and handling of documents, depositions, deposition exhibits, recorded telephone conversations, transcripts of telephone conversations, hard drives, responses to discovery requests, inspections, examinations of premises, facilities, and physical evidence, electronically stored information (including metadata) and any other information produced, given or exchanged by and among the parties and non-parties to this action (collectively "Discovery Material").

**I.**     **RECITALS**

A.      The allegations and causes of action set forth in Judge's Complaint arise from Judge's Claims of (1) Injunctive Relief; (2) Breach of Contact; (3) Actual and/or Threatened Misappropriation of Trade Secrets; (4) Tortious Interference with Business Advantage; and (5) Tortious Interference with Contract.

B.      Some of the information the parties will seek or develop through discovery in this case may contain or consist of information that the producing party may claim is confidential, proprietary, or trade secret information and therefore is entitled to protection.

C.      The parties may be required to produce large volumes of Discovery Material.  The parties wish to comply with discovery deadlines and complete discovery as expeditiously as possible, while preserving, and without waiving, any evidentiary protections or privileges applicable to the information contained in the Discovery Material.

D.      The parties also agree to be bound by the provisions of FRE 502(d) and (e), which they incorporate by reference.  In order to comply with applicable discovery deadlines, a party may be required to produce certain categories of Discovery Material that have been subject to minimal or no attorney review (the "Disclosures").  This Stipulated Protective Order is designed to foreclose any arguments that by making the Disclosures, the disclosure or production of Discovery Material subject to a legally recognized claim of privilege, including without limitation the attorney-client privilege, work-product doctrine, or other applicable privilege: (i) was not inadvertent by the Producing Party; (ii) that the Producing Party did not take reasonable steps to prevent the disclosure of privileged Discovery Material; (iii) that the Producing Party did not take

reasonable or timely steps to rectify the Disclosure; and/or (iv) that the Disclosure acts as a waiver of applicable privileges or protections associated with the Discovery Material.

E.      Nothing in this Order is intended, nor shall it be construed, as either a waiver or an admission that specific information is admissible or contains either confidential, proprietary business information, or trade secrets.  This Order is simply a procedural mechanism to facilitate the discovery process and/or provide protections concerning information exchanged between and among the parties in this case.  No part of this Order shall be used as evidence that any party has either waived or admitted to any claims solely by virtue of the act of producing information or designating information as "Confidential" or  "Highly Confidential: Attorneys' Eyes Only" under this Order.

F.      Since the purpose of this Order is to protect Discovery Material, the parties agree that they are bound by this Order from the date their respective counsel have signed it.

G.      Based on these recitals and the terms of disclosure that follow, the parties have agreed to: (i) facilitate the full and fair production of information that the producing party may claim is entitled to confidential treatment; and (ii) govern the return of inadvertently produced documents and data, and affording them the protections of FRE 502(d) and (e), on the terms set forth in this Stipulation.

## II.    DEFINITIONS

For the purposes of this Order, the following definitions shall apply:

A.      "Confidential Discovery Material" means Discovery Material designated as "Confidential" under the terms of this Order.

B.      "Highly Confidential: Attorneys' Eyes Only" means Discovery Material designated as "Highly Confidential: Attorneys' Eyes Only" under the terms of this Order.

C.      "Designating Party" means the party who wishes to designate or has designated Discovery Material as Confidential or Highly Confidential: Attorneys' Eyes Only.

D.      "Discovery Material" means all documents, depositions, deposition exhibits, recorded telephone conversations, transcripts of telephone conversations, hard drives, responses to any discovery requests, responses to subpoenas *duces tecum*, inspections, examinations of premises, examinations of facilities, physical evidence, electronically stored information (including metadata), witness interviews, and any other information produced, or otherwise given or exchanged by and among the parties and non-parties to this action.

E.      "Producing Party" means any party or non-party to this action producing Discovery Material.

F.      "Receiving Party" means the party receiving the Discovery Material.

III.    **TERMS**

A.      Confidential Discovery Material

Any Producing Party or Designating Party may designate any Discovery Material as "Confidential" under the terms of this Order.  The burden shall be on the Designating Party to demonstrate, when and if designation is challenged, that the Discovery Material contains non-public, proprietary, commercially sensitive, competitively sensitive, trade secret, personal information, or other confidential information that requires the protections provided in this Order.  Subject to the foregoing, Confidential Discovery

Material may include, but is not limited to, the following types of information:

1.      Non-public information relating to Judge's or Braxstaff's business operations, policies, and procedures;

2.      Any material of a confidential nature, including, without limitation, contracts, agreements, business rules, customer lists, customer profiles, customer information, customer complaint and satisfaction information, personally identifying information, policies, financial information, compensation information, plans, formulae, personnel information, candidates information, nonpublic contact information, market data comparisons, identity and key contact information of decision-makers, uniquely compiled preference of key decision-makers, and records relating to confidential internal investigations;

3.      Non-public revenue, cost, income, pricing, margin, profit, loss, income statements, balance sheets, cash flow, sources and uses of cash, cash difference, or other non-public financial data;

4.      Non-public personal information, including contact information, credit or debit card numbers, social security numbers, drivers' license numbers, and bank or financial account information or password information;

5.      Any material qualifying for protection under any other federal or state law, including the Uniform Trade Secrets Act, C.R.S. § 7-74-101, *et seq.*

B.      Highly Confidential: Attorneys' Eyes Only

1.      Any Producing Party or Designating Party may designate any Discovery Material as "Highly Confidential: Attorneys' Eyes Only" under the terms of this Order.  Material designated as "Highly Confidential: Attorneys' Eyes Only" shall include,

but is not limited to, any material designated as "Confidential" that constitutes extremely

sensitive, highly confidential, non-public information, consisting either of trade secrets or

other highly confidential business, customer, financial, marketing or strategic

information, the disclosure of which may cause competitive or business injury to the

Disclosing Party.

   C. <u>Designation Procedure</u>

   The designation of Discovery Material as "Confidential" or "Highly Confidential:

Attorneys' Eyes Only" for the purposes of this Order shall be made in the following

manner by any Designating Party:

     1. In the case of the production of documents, by stamping each and

every page to be designated "Confidential" or "Highly Confidential: Attorneys' Eyes

Only" with the applicable legend "Confidential" or "Highly Confidential: Attorneys' Eyes

Only."

     2. In the case of inspection of documents, within ten (10) days after

the inspecting party has identified the documents it wants copied and produced, the

Producing Party must determine which documents, or portions of documents, qualify for

protection under this Order, and the Producing Party must stamp each and every page

to be designated "Confidential" with the applicable legend "Confidential," and each and

every page to be designated "Highly Confidential: Attorneys' Eyes Only" with the

applicable legend "Highly Confidential: Attorneys' Eyes Only."

     3. In the case of deposition or other pretrial testimony, by a statement

on the record by counsel, at the time the testimony is given, that particular testimony is

"Confidential" or "Highly Confidential: Attorneys' Eyes Only." Confidential testimony may

also be designated by written notice to the court reporter and counsel of record for all other parties, specifying by page and line number the material to be classified as "Confidential" or "Highly Confidential: Attorneys' Eyes Only." To be effective, the notice must be sent within thirty (30) days of the date on which the Designating Party received a copy of the transcript. In either event, counsel shall direct the court reporter and the Receiving Party to affix the appropriate confidentiality stamp to any portion of the original transcript and all copies of the transcript. Those portions of the transcript so designated shall be deemed "Confidential Discovery Material." Depositions or other pretrial testimony shall be treated as confidential during the 30-day designation period described above.

4.      In the case of mutually agreed upon joint witness interviews (should any be agreed to), by a statement of counsel during the interview and, following the interview, by a letter stating that the interview or any portion of the interview is "Confidential" or "Highly Confidential: Attorneys' Eyes Only."

5.      In the case of any other production of Discovery Material not otherwise specifically identified above, a written statement made by counsel of the Designating Party to counsel for the other parties to this action, identifying the Discovery Material that is "Confidential" or "Highly Confidential: Attorneys' Eyes Only."

6.      The parties to this Order may modify the procedures set forth in paragraph 1-5 above through agreement of counsel on the record at a deposition or, in the case of an interview, in the presence of counsel attending the interview, or by agreement in writing, without further order of the Court.

7.      Undersigned counsel, or any other Designating Party, must take care and exercise good faith to designate for protection only those parts of Discovery Material that qualifies for protection.

D.      Disclosure of Confidential Discovery Material

Confidential Discovery Material, and information derived from Confidential Discovery Material, shall be used solely for purposes of this action, and shall not be used for any other purpose, including, without limitation, any business or commercial purpose or in connection with any other proceeding.  Discovery Material designated as "Confidential" may be disclosed only to the following persons:

1.      Court officials (including court reporters and any special master or technical advisory appointed by the Court) and the Court's staff in connection with the Court's administration and adjudication of this Action;

2.      Any named party, outside counsel to a party (whether or not they have entered appearances in this action), in-house counsel for corporate parties, and legal, clerical, paralegal and secretarial staff employed or retained by outside counsel or in-house counsel, including outside copying services;

3.      Experts or consultants retained by counsel in connection with this action, only for the purpose of enabling the expert or consultant to prepare a written opinion, to prepare to testify and testify at trial, hearings or depositions in this case, or to otherwise assist counsel in the prosecution or defense of this action. Before receiving any Confidential Discovery Material, the consultant or expert shall agree to be bound by the terms and conditions of this Order, consenting to the jurisdiction of the Court for the purposes of enforcement of the terms of this Order, and agreeing not to disclose or use

Case 1:13-cv-00656-CMA-KMT   Document 31   Filed 07/25/13   USDC Colorado   Page 9 of 21

the Confidential Discovery Materials for purposes other than those permitted by this

Order.

        4.     A deposition witness questioned by outside counsel of record for a

party in connection with this action, but only to the extent necessary to assist counsel in

the prosecution or defense of this action, and provided that (i) the witness agrees to be

bound by the terms of this Order, or (ii) if the witness refuses to be bound by this Order

and the witness' refusal is noted on the deposition record, counsel provides the witness

with a copy of this Order, informs the witness that the information to be communicated

is Confidential, subject to the Protective Order in this case, may be used only in

connection with that deposition, may not be communicated to any other person, that the

witness is subject to the Protective Order, and that any misuse of the Confidential

Discovery Material will violate the Order.

        5.     The claims counsel or representative of any insurer of any party,

provided that (1) the disclosure is made only in connection with a claim for defense or

indemnity arising from this action, and (2) claims counsel or representative agrees to be

bound by the terms of this Order.

        6.     Any individual identified by a party as a person with knowledge, but

only to the extent necessary to assist counsel in the prosecution or defense of this

action, and provided that the person agrees to be bound by the terms of this Order.

        E.     <u>Disclosure of Highly Confidential: Attorneys Eyes Only Discovery Material</u>

        Highly Confidential: Attorneys Eyes Only Discovery Material, and information

derived from Highly Confidential: Attorneys Eyes Only Discovery Material, shall be used

solely for purposes of this action, and shall not be used for any other purpose, including,

without limitation, any business or commercial purpose or in connection with any other proceeding.  Discovery Material designated as "Highly Confidential: Attorneys Eyes Only" may be disclosed only to the following persons:

1.     Court officials (including court reporters and any special master or technical advisory appointed by the Court) and the Court's staff in connection with the Court's administration and adjudication of this Action;

2.     Outside counsel to a party (whether or not they have entered appearance in this action) and legal, clerical, paralegal and secretarial staff of or retained by outside counsel, including outside copying services;

3.     Experts or consultants retained by counsel in connection with this action, only for the purpose of enabling the expert or consultant to prepare a written opinion, to prepare to testify and testify at trial, hearings or depositions in this case, or to otherwise assist counsel in the prosecution or defense of this action. Before receiving any Highly Confidential: Attorneys Eyes Only Discovery Material, the consultant or expert shall agree to be bound by the terms and conditions of this Order, consenting to the jurisdiction of the Court for the purposes of enforcement of the terms of this Order, and agreeing not to disclose or use the Highly Confidential: Attorneys Eyes Only Discovery Materials for purposes other than those permitted by this Order.

4.     Any person who prepared a document that has been designated as "Highly Confidential: Attorneys' Eyes Only," or who is listed on the face of such a document as a recipient of the document, but the disclosure is limited to the specific designated material disclosed in the particular document prepared or received by such person.

F.     <u>Inadvertent Disclosure</u>

Pursuant to FRE 502(d) and (e), which are incorporated by reference, the Court orders protection of privileged and otherwise protected Discovery Material against claims of waiver (including as against third parties and in other federal, state, or administrative proceedings) as follows:

1.     The disclosure or production of Discovery Material by a Producing Party subject to a legally recognized claim of privilege to a Receiving Party shall in no way constitute the voluntary disclosure of the Disclosure Material.

2.     The inadvertent disclosure or production of any Discovery Material in this action shall not result in the waiver of any privilege, evidentiary protection or other protection associated with Discovery Material.  The inadvertent disclosure or production of any Discovery Material also shall not result in any waiver, including subject matter waiver, of any kind.

3.     If, during the course of this litigation, a Receiving Party determines that any Discovery Material is or may reasonably be subject to a legally recognizable privilege or evidentiary protection:

a.     The Receiving Party shall: (i) refrain from reading, reviewing, or listening to the protected discovery material any more closely than is necessary to determine whether it is privileged or otherwise protected from disclosure; (ii) immediately notify the Producing Party in writing that it has discovered Discovery Material believed to be privileged or protected; (iii) specifically identify the Discovery Material, and (iv) within ten (10) days of discovery by the Receiving Party,  return, sequester, or destroy all copies of the privileged or protected Discovery Material, along

with any notes, abstracts or compilations of the content of the privileged or protected Discovery Material.  To the extent that privileged or protected Discovery Material has been loaded into a litigation review database under the control of the Receiving Party, the Receiving Party shall have all electronic copies of the privileged or protected Discovery Material extracted from the database. Where privileged or protected Discovery Material cannot be destroyed or separated, it shall not be reviewed, disclosed, or otherwise used by the Receiving Party.

      b.     If the Producing Party intends to assert a claim of privilege or other protection over Discovery Material identified by the Receiving Party, the Producing Party will, within ten (10) days of receiving the Receiving Party's written notification described above, inform the Receiving Party of the intention to assert a claim of privilege in writing and shall provide the Receiving Party with a log of the privileged or protected Discovery material, setting forth the basis for the claim of privilege or other protection.  In the event that any portion of Discovery Material does not contain privileged or protected information, the Producing Party shall also provide to the Receiving party a redacted copy of the material that omits the information that the Producing Party believes to be subject to a claim of privilege or other protection.

      c.     Notwithstanding anything stated elsewhere in this Stipulation, the Receiving Party is under no obligation to search or review the Producing Party's Discovery Material to identify potentially privileged material or work product.

      4.     If, during the course of this litigation, a Producing Party determines that it has produced privileged or protected Discovery Material:

a.      The Producing Party may notify the Receiving Party of the inadvertent production and request the return of privileged or protected documents. The notice shall be in writing; however, it may be delivered orally on the record at a deposition, and promptly followed up in writing. The Producing Party's written notice will contain a log identifying the Discovery Material inadvertently produced, the privilege or protection claimed, and the basis for the assertion of the privilege.  In the event that any portion of the Discovery Material does not contain privileged or protected information, the Producing Party shall also provide to the Receiving Party a redacted copy of the document that omits the information that the Producing party believes is subject to a claim of privilege or other protection.

b.      The Receiving Party must, within ten (10) days of receiving the Producing Party's written notification described above, return, sequester, or destroy the Discovery Material and any copies, along with any notes, abstracts or compilations of the content of the privileged Discovery Material.  To the extent that Discovery Material has been loaded into a litigation review database under the control of the Receiving Party, the Receiving Party shall have all electronic copies of the Protected Document extracted from the database.  Where privileged or protected Discovery Material cannot be destroyed or separated, it shall not be reviewed, disclosed, or otherwise used by the Receiving Party.

5.      To the extent that the information contained in Discovery Material has already been used in or described in other documents generated or maintained by the Receiving Party prior to the date of receipt of written notice as set forth in paragraphs 3 and 4 above, the Receiving Party shall sequester the documents until the

claim has been resolved. If the Receiving Party disclosed the Discovery Material subject to a claim of privilege or protection before being notified of its inadvertent production, it must take reasonable steps to retrieve it.

6.     The Receiving party's return, sequestering or destruction of privileged Discovery Material as provided for in this Order will not act as a waiver of the Receiving Party's right to move for the production of the returned, sequestered or destroyed documents on the grounds that the documents are not, in fact, subject to a viable claim of privilege or protection.  However, the Receiving Party is prohibited and estopped from arguing that:

   a.     The disclosure or production of the Discovery Material acts as a waiver of an applicable privilege or evidentiary protection;

   b.     The disclosure of the Discovery Material was not inadvertent;

   c.     The Producing Party did not take reasonable steps to prevent the disclosure of the Discovery Material; or

   d.     The Producing Party failed to take reasonable or timely steps to rectify the error.

7.     Upon a determination by the Court that the Discovery Material is protected by the applicable privilege or evidentiary protection, and if the Discovery Material has been sequestered rather than returned or destroyed by the Receiving Party, the Discovery Material shall be returned or destroyed within ten (10) days of the Court's order (except Discovery Material stored on back-up tapes or other archival media, which shall remain subject to the terms of this Order).  The Court may also order

the identification by the Receiving Party of privileged or protected Discovery Material by search terms or other means.

8.      Nothing contained in this Order shall limit a party's right to conduct a review of documents, data (including electronically stored information) and other information, including without limitation, metadata, for relevance, responsiveness and/or segregation of privileged and/or protected information before that information is produced to another party.

9.      By operation of the parties' agreement and the Court's Order, the parties are specifically afforded the protections of FRE 502 (d) and (e), which are incorporated by reference.

G.      Designation Disputes

If any party objects to the designation of any Discovery Materials as "Confidential" or "Highly Confidential: Attorneys' Eyes Only," the parties shall attempt to resolve the dispute in good faith on an informal basis.  If they are unable to resolve the dispute informally, the objecting party may move for relief with respect to the challenged Discovery Materials. A party can challenge the confidential designation of particular documents by filing an objection or otherwise moving the Court. Any party who objects to the designation of any Discovery Materials as "Confidential" or "Highly Confidential: Attorneys' Eyes Only" shall notify the Disclosing Party in writing.  The parties shall meet and confer within ten (10) business days in an attempt to resolve the issue. In the event the issues remain unresolved the Disclosing Party shall, no later than five (5) business days after conferring with the objecting party, apply to this Court for a ruling on the designation of the Discovery Materials.

The Discovery Material shall continue to be deemed and treated as "Confidential" or "Highly Confidential: Attorneys' Eyes Only" under the terms of this Order, as designated, until the Court resolves the dispute.  In any proceeding to change the designation of any Discovery Material, the burden shall be upon the Designating Party to establish the appropriateness of the "Confidential" or "Highly Confidential: Attorneys' Eyes Only" classification.  A dispute concerning confidentiality shall not otherwise impede the progress of discovery.

   H. <u>Use Of Confidential or Highly Confidential: Attorneys Eyes Only Discovery Material In Court Proceeding</u>

    1. When submitting any documents that contain information designated "Confidential" or "Highly Confidential: Attorneys' Eyes Only," the party submitting the documents must notify the Court of the designation.  The materials shall be released from confidential treatment only upon further order of the Court.

    2. In the event that any Confidential or Highly Confidential: Attorneys Eyes Only Discovery Material is used in any Court proceeding or appeal in this action, counsel shall confer in good faith on procedures to protect the confidentiality of the material.  No party, other than the party who designated the particular material as Confidential or Highly Confidential: Attorneys Eyes Only Discovery Material, shall offer such Discovery Material into evidence, or otherwise tender Confidential or Highly Confidential: Attorneys Eyes Only Discovery Material to the Court, without first advising the Court and the Designating Party of its intent to do so.  At that point, the Designating Party may seek protection from the Court as it deems appropriate, including the exclusion of persons and witnesses from the hearing.  The use of Confidential or Highly

Confidential: Attorneys Eyes Only Discovery Material in any proceeding shall not limit in any way the rights of any person to petition the Court for further protective measures as may be necessary to protect the confidentiality of the material.

      I.    <u>Additional Provisions</u>

      1.    The Provisions of this Order shall, absent written permission of a Designating Party or further order of the Court, continue to be binding throughout and after the termination of this action, including, without limitation, any appeals.  Within sixty (60) days after receiving notice of the entry of an order, judgment or decree finally disposing of all litigation in which Confidential or Highly Confidential: Attorneys Eyes Only Discovery Material was disclosed, all person having received Confidential or Highly Confidential: Attorneys Eyes Only Discovery Material shall either: (1) return the material and all copies (including summaries and excerpts) to the Producing Party or its counsel, or (2) destroy all Confidential or Highly Confidential: Attorneys Eyes Only Discovery Material at issue and certify in writing to the Designating Parties or their counsel that the destruction has occurred.  Counsel for the parties shall be entitled to retain Court papers, deposition and hearing transcripts, attorney work product, and copies stored on back-up tapes or other archival media that contain Confidential or Highly Confidential: Attorneys Eyes Only Discovery Material or references to Confidential or Highly Confidential: Attorneys Eyes Only Discovery Material, <u>provided</u> that counsel, and employees of counsel shall not disclose to any person nor use for any purpose unrelated to this action the Confidential or Highly Confidential: Attorneys Eyes Only Discovery Material except pursuant to a court order or agreement with the Designating Party.

2.     If a Receiving party is served with a subpoena, demand, or any other legal process seeking Confidential or Highly Confidential: Attorneys Eyes Only Discovery Material, that person shall give prompt written notice, by hand or email transmission within forty-eight (48) hours of its receipt of a subpoena, demand or legal process, to the Designating Party.  The Designating Party shall be solely responsible for seeking any relief or protection from any subpoena demand or legal process seeking Confidential or Highly Confidential: Attorneys Eyes Only Discovery Material and shall also be solely responsible for its costs and attorneys' fees in any proceedings relating to the subpoena or legal process.

3.     In the event additional parties join or are joined in this action, or additional or different counsel enter an appearance, they shall not be given access to Confidential or Highly Confidential: Attorneys Eyes Only Discovery material until the newly joined party, by its counsel, or the newly appearing counsel has executed this Order and provided a copy of this Order to all other counsel in this action.

4.     Neither this Order, the production or receipt of Confidential Discovery Material, otherwise complying with the terms of this Order, shall:

a.     Prejudice in any way the rights of the parties to object on grounds of privilege, relevance, or otherwise to the production of documents or other information they consider not subject to discovery, or operate as an admission by any party that the restrictions and procedures set forth in this Order constitute adequate protection for any particular information deemed by that party to be Confidential or Highly Confidential: Attorneys' Eyes Only Discovery Material;

b.      Prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence of any Discovery Material subject to this Order;

c.      Prejudice in any way the rights of a party to petition the Court for a further protective order relating to any confidential information the party asserts requires or should be subject to other or further protection;

d.      Prevent the parties to this Order from agreeing in writing, with the consent of the Designating Party, to alter or waive the provisions or protections provided in this Order with respect to any particular Discovery material; or

e.      Prejudice in any way the rights of a party to contest the designation of any Discovery Material as "Confidential" or "Highly Confidential: Attorneys Eyes Only."

5.      Nothing in this Order shall prevent the Designating Party, from using Confidential  or Highly Confidential: Attorneys' Eyes Only Discovery material that the party produced and designated as Confidential or Highly Confidential: Attorneys' Eyes Only Discovery material in connection with this action.

6.      Nothing in this Order shall preclude any party from seeking additional or different protection from the Court, or from filing a motion about the manner in which Confidential Discovery material should be treated at the hearing.

7.      Should the Court not enter this Stipulation as an Order, it shall remain binding upon the parties until the Court enter a different protective order providing substantially similar protections to those contained in this Stipulation. Once

entered, this Order shall remain in effect unless and until the Court amend or extinguish

it.

Dated this 25th day of July, 2013

BY THE COURT:

_____

UNITED STATES MAGISTRATE JUDGE

APPROVED:


 *s/Darren E. Nadel*
_____

Darren E. Nadel
Katherine R. Hinde
LITTLER MENDELSON
A Professional Corporation
1900 Sixteenth Street, Suite 800
Denver, CO  80202
Telephone:  303.629.6200
**ATTORNEYS FOR PLAINTIFF
THE JUDGE GROUP, INC. AND JUDGE
TECHNICAL SERVICES, INC.**


 *s/ J. Ronald Voss*
_____

J. Ronald Voss
VOSS & GOODELL, P.C.
628 Weber Street
Colorado Springs, CO 80903
Telephone:  719.272.7349
**ATTORNEYS FOR DEFENDANT
BRAXSTAFF TECHNICAL SERVICES,
LLC.**

 *s/ Paul W. Hurcomb*
_____

Paul W. Hurcomb
SPARKS WILLSON BORGES BRANDT &
JOHNSON, P.C.
24 So. Weber Street., Suite 400
Colorado Springs, CO 80903
Telephone:  719.634.5700
**ATTORNEY FOR DEFENDANT EDWARD
BROXSON.**


Firmwide:120674303.3 059490.1012


21